UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JORGE LUIS SUT POL
(A# 221-454-441),

Petitioner,

v.

WARDEN OF THE GOLDEN STATE
ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-CV-1155 DJC AC

FINDINGS & RECOMMENDATIONS

Petitioner, a federal immigration detainee proceeding with counsel filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). For the reasons stated below, the undersigned recommends that the petition be granted and petitioner be released.

FACTUAL BACKGROUND

Petitioner is a native and citizen of Guatemala. ECF No. 12 (Verified Complaint) ¶ 15. He entered the United States on or about February 2023. Id. ¶ 16. He has since resided in Utah. Id. Prior to his detention on November 15, 2026, petitioner had no contact with Immigration and Customs Enforcement ("ICE"). Id. ¶ 18. Petitioner remains in ICE custody without a bond hearing. Id. ¶¶ 19, 20.

////

1

## PROCEDURAL BACKGROUND

In February, petitioner, who was at that time proceeding without counsel, filed an application for a writ of habeas corpus.  ECF No. 1.  On February 18, 2026, the undersigned issued a minute order directing the Federal Defenders' Office to identify counsel and to file an amended or supplemental petition, if any, within the timeframe provided.  ECF No. 6.  On February 25, 2026, counsel was identified and appointed.  ECF No. 8.

On March 4, 2026, petitioner, through appointed counsel, timely filed a supplemental verified petition for writ of habeas corpus.  ECF No. 12.  Respondent filed an answer, and petitioner replied.  ECF Nos. 14, 15.

## PETITION FOR WRIT OF HABEAS CORPUS

The pro se petition presents a Fifth Amendment Due Process claim.  ECF No. 1 at 6.  The supplemental verified petition asserts petitioner is unlawfully detained in violation of the Fifth Amendment Due Process Clause to the United States Constitution *and* the Immigration and Nationality Act ("INA").  ECF No 12 (Verified Petition) ¶¶ 23-42.  By way of relief, petitioner seeks his immediate release from custody or "a bond hearing in immigration court in which the government has the burden to prove by clear and convincing evidence that the noncitizen is a danger to the community or a flight risk that cannot be mitigated through alternative conditions of release."  Id. ¶ 42.

## LEGAL STANDARD

The Constitution guarantees the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  The writ of habeas corpus extends to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States."  8 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001) (citation omitted), superseded by

2

statute on other grounds, <u>Nasrallah v. Barr</u>, 590 U.S. 573580 (2020).  "District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]"  <u>Lopez-Marroquin v. Barr</u>, 955 F.3d 759 (9th Cir. 2020) (citation omitted); <u>see also</u> <u>Zadvydas</u>, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

DISCUSSION

Respondent argues that the petition should be denied because petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)" and "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress."  ECF No. 14 at 1-2.

The majority of courts, including this one, have repeatedly rejected respondent's arguments.  <u>Alvarez-Maciel v. Noem</u>, No. 1:26-cv-1318 DC CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (collecting cases); <u>Perez Perez v. Warden</u>, No. 2:26-cv-0873 DJC AC, 2026 WL 788131 (E.D. Cal. Mar. 20, 2026);[1] <u>Valencia Cardenas v. Chestnut</u>, No. 1:26-cv-2073 DAD SCR, 2026 WL 758871 (E.D. Cal. Mar. 20, 2026); <u>Quichimbo-Jimenez v. Warden, California City Corr. Ctr.</u>, No. 2:26-cv-0739 DAD EFB, 2026 WL 679378, at *1 (E.D. Cal. Mar. 10, 2026); <u>E.L.D.M. v. Becerra</u>, No. 1:25-cv-1906 DJC JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025); <u>Morillo v. Albarran</u>, No. 1:25-cv-1533 DJC AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025).  In doing so, this court has generally found that § 1226(a) rather than § 1225(b)(2) applies to noncitizens living in the United States who, prior to their current detention, had not been detained by immigration authorities and are not subject to mandatory detention under § 1226(c) or post-removal order detention under § 1231.  <u>Alvarez-Maciel</u>, 2026 WL 496948 at *4 (finding petitioner, who was present in the United States for twenty years prior to his detention, is likely to succeed on his claim that he has been unlawfully denied a bond hearing in violation of § 1226(a));

---

[1]  The original order mistakenly listed an incorrect case number: 2:26-cv-1335 DJC AC.  <u>Perez Perez</u>, 2026 WL 78813.  On March 25, 2206, the order was replaced to reflect the correct case number. <u>Perez Perez v. Warden</u>, No. 2:26-cv-0873 DJC AC (E.D. Cal.), ECF Nos. 8, 11.

3

Perez Perez, 2026 WL 788131 at *1 (finding petitioner, who had "been present in the United States for years prior to his present detention," cannot be detained under § 1225(b)(2) and is "entitled to the procedures and rights afforded under 8 U.S.C. § 1226(a)");[2] Valencia Cardenas, 2026 WL 758871 at *1 (finding petitioner, who was present in the United States without evidence of a prior ICE encounter, can only be detained under 8 U.S.C. § 1226(a), not § 1225(b)(2)); Quichimbo-Jimenez, 2026 WL 679378 at *1 (finding petitioner, a noncitizen who entered the United States, was not apprehended upon arrival, and was not or will not be detained under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time ICE makes an initial custody determination, is entitled to a bond hearing under 8 U.S.C. § 1226(a)); E.L.D.M, 2025 WL 3707140 (finding petitioner, who was living in the United States for 20 years prior to his detention, is likely to succeed on the merits of his claim that he is unlawfully detained under 8 U.S.C. § 1225(b)(2)'s mandatory provision and is entitled to the rights afforded under 8 U.S.C. § 1226(a)); Morillo, 2025 WL 3190899 at *4 (finding petitioner, who was present in the United States for 19 years prior to his detention, is likely to succeed on merits of his claim that he is entitled to the rights afforded under 8 U.S.C. § 1226(a)).[3]  This court has also found that when ICE unlawfully detains noncitizens under § 1225(b)(2) and does not afforded them a bond hearing under 8 U.S.C.

---

[2]  The original order mistakenly listed an incorrect case number: 2:26-cv-1335 DJC AC.  Perez Perez, 2026 WL 78813.  On March 25, 2206, the order was replaced to reflect the correct case number. Perez Perez v. Warden, No. 2:26-cv-0873 DJC AC (E.D. Cal.), ECF Nos. 8, 11.

[3]  Cf. Mendoza v. Warden of the Golden State Annex, No. 1:25-cv-2030 CSK, 2026 WL 310116, at *3 (E.D. Cal. Feb. 5, 2026) (citing collected cases finding that non-citizens in the interior of the country are not 'seeking admission' within the meaning of § 1225); Amaya-Quinteros v. Corecivic, Inc., No. 1:25-cv-1672 AC, 2025 WL 3687687642, at *10 (E.D. Cal. Dec. 19, 2025) (finding "that the plain language of the statutes, the overall structure of these statutes, the Supreme Court's interpretation of the statutes, the intent of Congress, and the long-standing practice of applying § 1226(a) prior to 2025 to noncitizens like petitioner . . . makes clear that § 1226(a) is the appropriate statutory framework for noncitizens like petitioner who are *already in* the country and not subject to § 1226(c)") (emphasis in original); Morales-Flores v. Lyons, No. 1:25-cv-1640 TLN EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (citing collected cases rejecting the Department of Homeland Security's new policy, adopting an expansive definition for "applicant for admission" under 8 U.S.C. § 1225(b)(2) to include all noncitizens unlawfully present in the United States); Josue I.C.A. v. Lyons, No. 1:25-cv-1542 SKO, 2025 WL 3496432, at *3 n.6 (E.D. Cal. Dec. 5, 2025) (same); Aquino v. LaRose, No. 25-cv-2904 RSH MMP, 2025 WL 3158676, at *3 (S.D. Cal. Nov. 12, 2025) ("the overwhelming majority of courts to address the issue have agreed that Section 1226(a), rather than the mandatory detention provision of Section 1225(b)(2)(A), applies to a noncitizen in Petitioner's position who has resided in the United States for many years") (collecting cases).

4

§ 1226(a), the appropriate remedy to preserve the *status quo ante litem* is release.  Alvarez Maciel, 2026 WL 496948, at *5; Perez Perez, 2026 WL 788131, at *1; Valencia Cardenas, 2026 WL 758871, at *1; E.L.D.M, 2025 WL 3707140, at *6; Morillo, 2025 WL 3190899 at *5.

The undersigned is persuaded by the well-reasoned analysis in the above cited cases. Accordingly, the undersigned incorporates and adopts the reasoning in those cases and finds petitioner, who was not apprehended upon arrival and has been living in the United States for several years, is not lawfully detained under 8 U.S.C. § 1225(b)(2).  Under the current facts, the relevant detention authority is 8 U.S.C. § 1226(a), which entitles petitioner to a bond hearing.

In their answer, respondent mentions petitioner's criminal history and attaches related documents.  ECF No. 14 at 2-42.  To the extent this is an attempt to distinguish petitioner's case from the above referenced cases or other similar cases, the undersigned finds this factual distinction inconsequential to the issue presented.  As previously noted, respondent argues petitioner is subject to mandatory detention under § 1225(b)(2), not § 1226(c).  Section 1226(c) is the mandatory detention statute for noncitizens (1) with certain criminal arrests or convictions, or who are inadmissible or deportable based on security or other related grounds, and (2) who do not have a final order of removal.  8 U.S.C. § 1226(c)(1).  Because neither party argues § 1226(c) applies, and the present facts do not suggest its applicability, the undersigned finds respondent's reference to these facts unhelpful.

Because respondent does not assert an alternative lawful basis for petitioner's detention, the court finds petitioner's detention violates the INA and recommends petitioner be released.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's petition for writ of habeas corpus (ECF No. 1), along with the supplemental petition (ECF No. 12), be GRANTED as follows:

2.  Respondent be ORDERED to:

    a.  IMMEDIATELY RELEASE petitioner from respondent's custody.

    b.  RETURN all of petitioner's documents and possessions upon his release from custody.

5

c. FILE a notice of compliance within three (3) days of any order adopting these findings and recommendations, confirming petitioner's release from custody and the return of his documents and possessions.

3. Respondent be PERMANENTLY ENJOINED and RESTRAINED from re-detaining petitioner under 8 U.S.C. § 1226(a), unless petitioner is provided with a bond hearing pursuant to 8 C.F.R. § 1236.1(c)(8) at which petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety.

4. The order enjoining respondent state the order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

5. Judgement be entered in favor of the petitioner and the Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 10, 2026

allison Clare
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE